UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ROSS MIALE,<br><br>       Petitioner,<br><br>   v.<br><br>TUOLOMNE COUNTY SUPERIOR COURT,<br><br>       Respondent. | Case No.: 1:13-cv-01307-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on August 19, 2013. (Doc. 1).

Petitioner alleges that he was convicted on July 13, 2012 in the Superior Court for the County of Tuolomne, of felony charges and sentenced to a determinate prison term of eight years. (Doc. 1, p. 1). Petitioner filed his direct appeal from his conviction in the California Court of Appeal, Fifth Appellate District ("5th DCA"), in case no. F065965, raising, inter alia, claims of prosecutorial misconduct and violations of Petitioner's Sixth and Fourteenth amendment rights. (Doc. 1, p. 7). The 5th DCA's docket indicates that, on August 12, 2013, Petitioner's appeal was deemed fully briefed; however, no oral argument has been scheduled and, obviously, no decision has been issued. The instant petition contends that the trial court erred in failing to conduct a hearing on his motion to discharge his trial lawyer and appoint a new lawyer.

**DISCUSSION**

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, the petition acknowledges that Petitioner's direct appeal is still pending in the 5th DCA; impliedly, therefore, Petitioner has yet to present his claims to the California Supreme Court.  Thus, the claims are unexhausted.  Regarding the claim in the instant petition of refusing to appoint a different trial attorney for Petitioner, Petitioner does not allege that he has ever presented that issue to the state supreme court either.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. at 521-22;  Calderon, 107 F.3d at 760.

    C.   Younger Abstention.

Moreover, as an alternative basis to dismiss the petition, the Court would not proceed with this

petition because Petitioner's direct state review of his conviction has not been concluded.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68- 69 (1971). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989).

The Younger doctrine stems from this longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Younger, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. Perez v. Ledesma, 401 U.S. 82, 83-85 (1971).

The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the Younger doctrine is appropriate. Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Delta Dental Plan of California, Inc. v. Mendoza, 139 F.3d 1289, 1294 (9t Cir.1998); Dubinka, 23 F.3d at 223.

If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the Younger abstention doctrine apply. The Court need not abstain if the state court proceedings were undertaken for bad faith or for purposes of harassment or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal

1  court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause.
2  Dubinka, 23 F.3d at 225.

3        The first requirement is satisfied here because the state proceedings, i.e., the direct appeal,
4  have not been concluded.  The second requirement is satisfied because an important state interest, that
5  of not having the federal courts interfere in state criminal proceedings, is at issue here. See Dubinka,
6  23 F.3d at 223. Finally, the third requirement is met because Petitioner can raise his federal
7  constitutional claims related to the denial of his "Marsden" motion in his direct state appeal.

8        Cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances
9  or irreparable harm that justify federal court intervention.  Younger, 401 U.S. at 46, 53-54.  Where a
10  district court finds Younger abstention appropriate as to a request for declaratory or injunctive relief,
11  the court may not retain jurisdiction, but must dismiss. Judice v. Vail, 430 U.S. 327, 348 (1977);
12  Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  The rationale of Younger applies throughout
13  appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal
14  court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka, 23
15  F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court
16  proceedings are still considered pending).

17        Here, Petitioner is seeking to have the Court intervene in an ongoing state criminal
18  prosecution.  This is precisely the type of circumstance to which the Younger doctrine was intended to
19  apply.  Petitioner has not established that any exception to Younger abstention is applicable in this
20  case, i.e., that the state court proceedings were undertaken for bad faith or for purposes of harassment.
21  Dubinka, 23 F.3d at 223 & 225; Lebbos, 883 F.2d at 816.  Indeed, the state criminal proceedings are
22  currently pending, and Petitioner can raise his concerns within the context of those state court
23  proceedings.

24        The Court notes that an additional basis for abstention under Railroad Comm'n of Texas v.
25  Pullman Co., 312 U.S. 496 (1941)("the Pullman doctrine"), appears applicable as well under the facts
26  as pleaded by Petitioner.  Pullman abstention is appropriate "in cases presenting a federal
27  constitutional issue which might be mooted or presented in a different posture by a state court
28  determination of pertinent state law." Colorado River Water Conservation Dist. V. United States, 424

U.S. 800, 814 (1976)(citing Pullman).  Clearly, Petitioner's complaints about the trial court's refusal to appoint another trial attorney can, potentially, be cured during the course of Petitioner's direct appeal to the state appellate courts.  Under those circumstances, any relief that this Court could afford would indeed be "mooted" by the state appellate court's determination.  In short, this is neither the time nor the place for federal intervention into the state judicial proceedings.

## ORDER

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for lack of exhaustion and on abstention grounds.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 22, 2013**              /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE